Fenton
v.
The Lumberman's
Bank and
others.

## FENTON *vs.* THE LUMBERMAN'S BANK and others.

An attachment against a foreign corporation, by which choses in action belonging to such corporation were attached, creates a specific lien upon such choses in action. After a judgment upon such attachment, the sheriff could *not* sell, under an execution thereon, such choses in action by the old law; but after the execution was returned unsatisfied, the plaintiff could, file a bill in the nature of a creditor's bill to reach them.

The act of May 14, 1840, gives such plaintiff a new remedy; but a bill filed before the passage of that act, will not be ordered by the court *to* be dismissed, *without the complainants assent; though if* dismissed, the complainant would have a shorter and more effective process.

When trustees of a foreign corporation were appointed by the legislative power of the state creating such corporation, such trustees become vested with the property of the choses in action of such corporation in this state, subject⁻to all previous specific liens.

An attachment issued and served before the appointment of such trustees, creates a specific lien ˙upon the choses attached, and the *trustees must take such choses subject to such lien ;* but a *creditor's* bill in favor of the attaching creditor, filed after the appointment of such trustees, reaches only the choses attached.

In the year 1838, Sedgwick Benham commenced a suit by attachment against the Lumberman's Bank of Pennsylvania, a foreign corporation, for an amount due upon their circulating notes which were not paid. Upon this attachment, the sheriff levied upon certain choses in action, notes, &c. but it does not appear distinctly what these choses in action were. The suit was defended and a trial had. Upon the trial the plaintiffs recovered a judgment; and in Sept. 1839, issued an execution to collect the amount of the judgment, which was returned unsatisfied. In Oct. 1839, trustees were appointed under the authority of the legislature of the state of Pennsylvania,

in which state the said Lumberman's Bank was located, to settle up the affairs of said bank and giving said trustees the control of their property. In Nov. 1839, the complainant, who was the assignee of the plaintiff in the suit at law, filed a creditor's bill upon the said judgment, and obtained the usual injunction. A motion is now made by the complainant for a receiver; and also a motion is made by the defendants for a dissolution of the injunction.

*S. A. Brown,* for complainant.

*A. Hazeltine,* for defendants.

THE VICE CHANCELLOR. The original proceedings at law in this matter, were under the law in relation to debts due from a foreign corporation, and to compel the payment of the notes of such foreign corporation. The proceeding was by attachment as provided by law. The Revised Statutes (Vol. 2, page 460, old ed.) provide for such proceedings. The 21st section directs the sheriff to whom the attachment shall be issued, to proceed in all respects in the manner prescribed by law in case of attachments against absent debtors. By referring to that law, (2 Rev. Stat. page 4,) we find that the sheriff is to levy upon or attach and take into his custody, all the real and personal estate, books of account, vouchers, and papers relating to the property, debts, credits, and effects of the debtor, &c. In attachments against foreign corporations, the sheriff is of course to do the same thing; and in this case he has done it to a certain but we are not advised to how great an extent. There is this difference, however, between the law in relation to absent debtors and

Aug. 1840

Fenton
v.
The Lum-
berman's
Bank and
others.

the law in relation to foreign corporations. In the former case trustees are to be appointed, and they have the power to collect the choses in action, &c. In the latter case there is no such provision, but the sheriff is directed, in case execution is awarded upon the attachment, to sell so much of the property of such corporation remaining in his hands, as may be necessary to satisfy the same. (Sec. 24, 2 Rev. Stat. p. 460.)

Now there is no direction here that such execution shall reach choses in action which the sheriff may have attached. Without such direction, the sheriff cannot sell or assign them; for I hold that an execution in this case without special provision, can have no greater or larger scope than an execution in a common case. As to choses in action, then, attached by the sheriff, the execution, though they are attached, is consequently inoperative. The plaintiff in such suit had therefore no mode to reach such assets without filing a bill in this court, inasmuch as the statute did not provide for the disposing of choses in action in the case of foreign corporations, or for their collection. The duty of the sheriff, under this statute, was to hold these choses in action by virtue of the original attachment; and if the foreign corporation attached, had no property which could lawfully be sold under execution in other cases, the sheriff was to return that fact, and still retain the equitable assets by virtue of the first attachment. If the plaintiff then desired to press his remedy farther, he could doubtless file his bill in the nature of a creditor's bill, to reach these choses in action thus in the hands of the sheriff. I see no objection against filing such a bill against a foreign corporation; though such a bill

cannot be filed against a corporation created by our own laws. Other remedies are provided in such case. (2 Rev. Stat. p. 463.) This is the remedy the plaintiff in this case has pursued; and in my judgment he has pursued the right course. It is true that the defect in the law against foreign corporations has been remedied by act of May 14, 1840, (Laws of 1840, p. 296,) but the bill in this case was filed before that law was passed; and being rightfully filed, he may go on with it, notwithstanding the law. It is possible that if he chooses to abandon his bill and dismiss it entirely, he may take advantage of the law of 1840, and obtain redress under its provisions. But this court will not compel him to take this course. The objection, therefore, made by the defendants, that the complainant has ample redress under this recent law, is untenable. The complainant has commenced a course of proceedings before this law was passed, and authorised by the then existing law; and this court will not interfere to arrest him in the prosecution of such proceedings to their legitimate termination, unless he chooses to suspend them of his own accord.

The other point which seems to be suggested by the papers, is the sufficiency of the appointment of the trustees of the Lumberman's Bank under the authority of the resolution of the Pennsylvania legislature, and the rights vested in them by virtue of such appointment. This appointment is to be regarded as sufficient by the court, and the trustees are entitled to the possession, and have legal title to all the property of the bank situated in this state at the time of the appointment. (Holmes vs. Ransom 4 J. C. R. 460.) This appointment was made be-

37

*fore* the bill in this cause was filed, but *after* the attachment in the suit at law was issued and served. The right of property vested in such trustees by this appointment, was of course subject to all previous specific *liens.* In the view we have taken of the attachment law against foreign corporations, the service of the attachment creates a specific lien upon the choses in action actually attached by such process. The property or right of such trustees in these choses in action so attached, must therefore be subject and posterior to the specific *lien* created by the attachment. But as the trustees were appointed *before* the bill in this cause was filed, and an equitable lien created thereby, the right of the trustees is prior to any right acquired by the complainant by the present bill. In other words, the operation of the present bill will be only to reach those choses in action upon which a specific lien was created by the attachment; and it will not reach those choses in action which became the property of the Lumberman's Bank *after* the attachment was served and *before* this bill was filed. Such assets will go into the hands of the trustees. This principle will guide us as to the proper modification of the injunction.

The application for a receiver, is in the discretion of the court. In this case, the defendants in their answer set up a counter-claim. This may be one reason for not granting a receiver as a matter of course. Another reason is that the property is in the hands of trustees, who, though not citizens of this state, may be presumed to respect the opinion of this court, or of a higher tribunal if they think the opinion of this court is erroneous. An order for receiver will not be granted upon this motion; but it may be upon a subsequent motion, if facts render it necessary.

The injunction is so modified as only to restrain the defendants from transferring &c. the choses in action attached by virtue of the attachment originally issued by the plaintiff in his proceedings at law.

Costs of both motions to abide the farther order of the court.